UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re ) | |
| ) | Case No. 16-04469 |
| FALCON EXPRESS, INC., ) | Hon. Carol A. Doyle |
| ) | Chapter 7 |
| Debtor. ) | Hearing Date: August 3, 2016 |
| ) | Time: 10:00 a.m. |

## NOTICE OF MOTION

**TO:**   *See Attached Service List and*

PLEASE TAKE NOTICE that on August 3, 2016 at 10:00 a.m. or as soon thereafter as counsel may be heard, we shall appear before the Honorable Carol A. Doyle, Dirksen Federal Courthouse, 219 South Dearborn Street, Room 742, Chicago, Illinois and then and there present the **Trustee's Application to Sell Property Free and Clear of Liens Under §363(f) – Corvette, Employ and Pay American Auction and Shorten Notice** a true and correct copy of which is attached hereto and hereby served upon you.

                                        */s/Joseph A. Baldi*
                                        Attorney for Trustee

Andrew J. Maxwell (ARDC #1799150)
Maxwell Law Group, LLC
20 N. Clark St., Suite 200
Chicago, IL 60603    312/368-1138

Joseph A. Baldi
Elizabeth Berg
Baldi Berg, Ltd.
20 N. Clark Street, Suite 200
Chicago, IL  60602  (312) 726-8150

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that (s)he electronically served a copy of the foregoing Notice and Motion and proposed order to the United States Trustee and Debtor's attorney, and any others having registered, pursuant to Section II(B)(4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants, on or before July 19, 2016.  The undersigned further certifies that she caused a copy of the foregoing Notice and Motion and proposed order to be served by First Class mail on the persons identified on the attached service list on July 19, 2016.  Notice to the Debtor was not mailed because a forwarding order has been placed by Trustee on Debtor's mail so the notice would be forwarded to the Trustee; counsel of record for the Debtor is on the electronic service list.

                                        */s/Joseph A. Baldi*

1

*Service List*
**Falcon Express, Inc., debtor**
**Case No. 16-04469**

| **Via Electronic Notice** | **Via First Class U.S. Mail** |
|---|---|
| Office of the U.S. Trustee, Region 11<br>USTPRegion11.ES.ECF@usdoj.gov | Harris Bank, N.A.<br>PO Box 2880<br>Chicago, IL 60690-2880 |
| Andrew J. Maxwell<br>*Trustee*<br>Maxwelllawchicago@yahoo.com | David Casper, President & CEO<br>BMO Harris Bank, N.A.<br>111 W. Monroe Street<br>Chicago, IL 60603 |
| Richard H. Fimoff<br>*Debtor's Counsel*<br>rfimoff@rsplaw.com | |
| Harry L. Dubnick<br>*Counsel for Commonwealth Edison Co.*<br>harry.dubnick@comed.com | Tom Mowery<br>Heath Industrial<br>460 Irmen Drive<br>Addison, Illinois 60101 |
| Kristopher A. Capadona<br>*Counsel for First Midwest Bank*<br>kac@capadonalaw.com | Jesse White<br>Illinois Sec. of State – Vehicle Division<br>213 State Capitol<br>Springfield, IL 62756 |
| Bradley Foreman<br>*Counsel for Creditors*<br>  Bogusz, Edwards, Gray, Kane, McPartland, Mitchell, Ogunti, & Watson<br>Brad@BradleyForeman.com | |
| James Wright<br>*Counsel for Wells Fargo Equipment Finance Co.*<br>Zanck, Coen, Wright & Saladin, P.C.<br>jwright@zcwlaw.com | |

UNITED STATES BANKRUPTCY
COURT NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 16-04469 |
| FALCON EXPRESS, INC., | ) | Hon. Carol A. Doyle |
| | ) | Hearing Date: August 3, 2016 |
| Debtor. | ) | Time: 10:00 a.m. |

**Trustee's Application to Sell Property Free and Clear of Liens Under §363(f) – Corvette, Employ and Pay American Auction and Shorten Notice**

Andrew J. Maxwell, Trustee, by this attorneys, pursuant to 11 U.S.C. §363(b), (f) and (h), requests this Court to enter an order authorizing him to sell a 2006 Corvette at a public auction sale, free and clear of liens and co-owner interests. In support, Trustee states the following:

**BACKGROUND**

1. Debtor commenced this case on February 12, 2016 by filing a voluntary petition for relief under chapter 7 of title 11, United States Code ("Code").

2. Andrew J. Maxwell is the duly appointed, qualified and acting chapter 7 trustee in this case ("Trustee").

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The Debtor was a commercial trucking company located in Markham, Illinois. The Debtor was one entity of several entities that were owned or controlled, in whole or in part, by Kenton Bobb. Mr. Bobb also owned or controlled several other entities, including MPJ Leasing Limited Partnership ("MPJ") and 16100 Springfield, LLC ("16100) (MPJ and 16100 are referred to collectively as "Affiliated Entities"). The Debtor operated a fleet of trucks and trailers to haul freight for customers. Some of the

trucks and trailers were titled in the name of Debtor and some were titled in the name of MPJ or 16100. In January of 2013, Mr. Bobb died and his ownership interests in Debtor, MPJ and 16100 passed to his probate estate. Janet Bobb ("Janet"), his widow, is the independent administrator of Mr. Bobb's probate estate and she, in turn, is the owner or person in control of each of the entities formerly owned by Mr. Bobb. Janet is acting as the designated party for the Debtor in this Bankruptcy Case.

5. The property of the bankruptcy estate which Trustee has identified includes trucks, trailers, other vehicles, warehouse equipment, accounts receivables, and possible causes of action.

6. On June 8, 2016, Trustee was authorized to sell commercial trucks and trailers of Debtor and the Affiliated Entities and the court approved the letter agreement discussed more fully below.

## SALE OF CORVETTE

7. Trustee has uncovered an additional vehicle, a 2006 Chevrolet Corvette ("Corvette"), in the possession of Janet, and that is titled under the name of one of the Affiliated Entities, MPJ Leasing, Inc.

8. Trustee is informed and believes that the Estate has a claim against the Affiliated Entities to pierce the corporate veil and recover their assets for the benefit of the Bankruptcy Estate and Debtor's unsecured creditors. It appears that the Debtor and the Affiliated Entities were operated by Mr. Bobb and his successors as single enterprise and the Affiliated Entities were the alter ego of Debtor and Mr. Bobb. All of the assets of the Affiliated Entities were used by Debtor in its business operations and Debtor was a guarantor of substantially all of the obligations incurred by the Affiliated Entities to acquiring those assets. As a result, Trustee

2

asserts that the Estate has an ownership interest in the Affiliated Equipment which may be sold pursuant to the provisions of the Bankruptcy Code.

9. Trustee has conferred with Janet who disputes Trustee's claims to the Corvette. Nevertheless, Trustee and Janet each desire to liquidate the Corvette while reserving their respective rights to the proceeds of sale. Trustee and Janet have entered into a letter agreement ("Letter Agreement"), a copy of which is attached hereto as **Exhibit A**, which provides for the sale of the property of the Debtor and Affiliated Entities and the allocation of liens and costs of sale. The Letter Agreement was previously approved by the court in its order dated June 8, 2016. Janet has agreed to cooperate with the auctioneer to deliver the Corvette for sale.

10. Public records show that Harris, N.A. ("Harris") is listed as a lienholder on the Corvette. Trustee is informed and believes that this lien has been fully paid and satisfied. Trustee is in the process of contacting Harris to obtain a release letter indicating its lien has been satisfied in order to permit Trustee to obtain titles which do not reflect the Harris lien.

11. Because the Harris lien has been fully paid and satisfied, the lien is subject to a bona fide dispute. Accordingly, Trustee believes that the Corvette may be sold free and clear of liens, with the liens, if any, to attach to the proceeds of sale pursuant to §363(f)(4) of the Code.

## REQUEST TO EMPLOY AMERICAN AUCTION

12. Trustee believes that it is in the best interests of this Estate to conduct a public auction sale of the Corvette in order to liquidate any equity therein for the benefit of the creditors of this Estate. Trustee believes that the Corvette may sell for between $10,000.00 and $20,000.00.

13. Trustee wishes to employ Heath Industrial, d/b/a American Auction Associates ("American Auction"), whose auctioneers are duly licensed by the State of Illinois, to conduct

3

an auction sale of the Corvette. American Auction has substantial experience in conducting auctions of similar property and has previous experience conducting auction sales on behalf of trustees in bankruptcy cases. Trustee and American Auction have reached an agreement, subject to further approval of this Court after notice and hearing, to conduct an auction sale of the Property under section 363 of the Code upon the following terms and conditions:

A. American Auction will be reimbursed by the Estate for its actual and necessary expenses incurred in conducting the proposed auction, including the cost of transporting the Corvette, to be paid by Trustee from the proceeds of sale without further order of this court;

B. American Auction will receive a commission of 10% buyer's premium which will be paid directly to American Auction by the buyer, without further notice or application to the court; and,

C. Within 10 days of the sale, American Auction will file a report of sale as required by Federal Rule of Bankruptcy Procedure 6004(f)(1) and remit the gross proceeds of sale to the Trustee.

14. To the best of Trustee's knowledge, information and belief, American Auction does not hold or represent any interest adverse to the Debtor's estate and is not a creditor of the Debtor and is a disinterested person within the meaning of § 101(14) of the Code. Further, to the best of Trustee's knowledge, information and belief, American Auction has no connection with Debtor, its creditors or any party in interest, their respective attorneys or accountants, the United States Trustee or any other person employed in the Office of the United States Trustee. An affidavit executed by David E. Heath, the President of American Auction, in accordance with the provisions of §327 and §330 of the Code and Federal Rule of Bankruptcy Procedure

4

2014 is attached hereto as **Exhibit B**. The Trustee's knowledge, information and belief are based upon that affidavit.

15. Trustee intends to place the Corvette for auction with American Auction which has a general auction sale scheduled to take place at American Auction's premises at 460 Irmen Drive, Addison, IL on August 6, 2016, starting at 11:00 a.m. and may be continued to future auction dates held by American Auction as may be necessary. This auction will be advertised to the general public.

16. To the extent that there is a delay in obtaining vehicle title or lien information for the Corvette, Trustee will include the Corvette in a later auction to be conducted and advertised by American Auction.

17. Trustee believes that the proposed auction sale of the Corvette is in the best interests of the Estate. The proposed sale will enable Trustee to quickly liquidate the Corvette at the auction, thus minimizing the administrative costs of preserving the assets of the Estate. Further, Trustee believes that given the nature of the property an auction sale will yield the highest and best price for the Corvette.

18. As a result of the foregoing, Trustee seeks authority of this court pursuant to §§ 363(b), (f) and (h) of the Code to sell the Corvette free and clear of liens, claims and interests, including the co-owner interests of the Affiliated Entities, with such liens, claims and interests, to attach to the proceeds of sale. Following the auction and payment of expenses to American Auction, Trustee shall hold the net proceeds of sale pending further order of Court or agreement of Trustee and Janet regarding the proper allocation of the net proceeds of sale.

## NOTICE

19. Twenty days' notice of this Application has been given to the United States

5

Trustee, the Debtor's attorney, all creditors and other parties in interest, including Janet Bobb, in the form attached hereto as **Exhibit C**. Trustee requests that the notice period required by Rules 2002 be shortened in this case from 21 to 20 days. Trustee submits that cause exists to reduce the notice period in order to take advantage of the upcoming auction date. As noted in the Certificate of Service of this Motion, notice to the Debtor was not mailed because a forwarding order has been placed by Trustee on Debtor's mail so the notice would be forwarded to the Trustee; counsel of record for the Debtor is on the electronic service list. In view of the nature of the relief requested, the Trustee submits that no further notice is required.

**WHEREFORE,** Andrew J. Maxwell, Trustee, requests this Court enter an Order:

A.  Authorizing Trustee to sell the 2006 Chevrolet Corvette at a public auction to be conducted by American Auction on August 6, 2016 or any continued or future auction dates to be scheduled and advertised by American Auction;

B.  Authorizing Trustee to sell the Corvette pursuant to §363(f) of the Code, free and clear of all liens, claims and interests, if any, with any such liens, claims and interests, including the liens of Harris, N.A. and any other entity holding a lien in the Corvette, to attach to the proceeds of sale;

C.  Authorizing Trustee to sell the Estate's interest and the interest of MPJ in the Corvette, free and clear of such interests, with such interests to attach to the proceeds of sale in accordance with the provisions of §363(f) and (h) of the Code and pursuant to the Letter Agreement between Trustee and Janet Bobb, as the authorized representative of MPJ. Trustee shall hold the net proceeds from the sale of the Corvette and the allocation and distribution of such proceeds shall be determined pursuant to further application and order of this Court;

6

    D.    Authorizing Trustee to pay American Auction its actual and necessary auction expenses without further application to this Court;

    E.    Authorizing Trustee to take such steps, execute such documents and do such acts as are necessary to consummate the sale of and transfer title to the Corvette. Trustee shall be further authorized to execute any documents including vehicle titles, applications for duplicate or lost titles or assignments relating to certificates of title on behalf of Debtor or MPJ;

    F.    Authorizing the Secretary of State, to the extent necessary, to issue duplicate title for the Corvette without any lien or lienholder's name;

    G.    Directing Harris N.A. to cooperate with the Trustee to release their respective liens on such titles to enable Trustee to transfer title to vehicles to the purchasers at the Auction;

    H.    Finding that the notice given is adequate under the circumstances and no further notice is required;

    I.    Finding that the requirements of Rule 6004(h) shall not apply and the Order shall be effective immediately; and

    J.    For such other and further relief as this Court deems just and fair.

    Respectfully submitted,

    Andrew J. Maxwell, Trustee

    By:    */s/ Joseph A. Baldi*

    One of his attorneys

Andrew J. Maxwell (ARDC #1799150)
**Maxwell Law Group, LLC**
20 N. Clark Street, Suite 200
Chicago, IL 60602
312/368-1138

Joseph A. Baldi
**Baldi Berg, Ltd.**
20 N. Clark Street, Suite 200
Chicago, IL 60602 (312) 726-8150

7

**BALDI**

**BERG**

20 N. Clark St., Suite 200
Chicago, Illinois 60602
Tel: 312-726-8150

Joseph A. Baldi
Attorney at Law
jabaldi@baldiberg.com

May 16, 2016

Richard H. Fimoff
Robbins, Salomon & Patt, Ltd.
180 N. LaSalle Street
Suite 3300
Chicago, IL 60601

Re:   Falcon Express, Inc. – 16 B 04469
      Sale of Personal Property

Dear Mr. Fimoff:

    As you are aware, our firm represents Andrew J. Maxwell, the duly appointed trustee (**"Trustee"**) in the chapter 7 case which is currently pending in the United States Bankruptcy Court for the Northern District of Illinois for Falcon Express, Inc. (**"Debtor"**). The Debtor operated a trucking company hauling freight for commercial customers. The Debtor owned or leased truck, trailers, vans and other personal property, including office furniture, and office equipment used to conduct its business operations. Trustee has retained Martin Auction Services, LLC (**"Martin Auction"**) to conduct an auction sale of the Debtor's property.

    Your firm represents the Debtor along with the Debtor's principal shareholder, Janet Bobb ("Janet"), as Independent Administrator of the Probate Estate of Kenton B. Bobb (**"Probate Estate"**). Janet, in her capacity as the Independent Administrator of the Probate Estate, also owns all or a controlling interest in the Debtor, MPJ Leasing Limited Partnership (**"MPJ"**), KJG Holdings, Inc. (**"KJG"**), KJG Leasing Co., Inc. (KJGL) and 16100 Springfield, LLC (**"16100"**) (MPJ, KJG, KJGL and 16100 are collectively referred to herein as the **"Affiliated Entities"**), among other business entities formerly operated as part of the business operations of Kenton Bobb.

    It is our understanding that certain tractor trucks and trailers which were used by Debtor were titled in the name of one or more of the Affiliated Entities, either individually or jointly with Debtor (**"Affiliate Equipment"**). The Affiliate Equipment was used by Debtor in its business operations and Trustee is informed that the funds to pay liens and other obligations regarding the Affiliate Equipment were provided to the Affiliated Entities by Debtor.

    As you are aware, Trustee asserts that the assets of all of the Affiliated Entities, including the Affiliate Equipment, are subject to recovery by the Trustee for the benefit of the creditors of Debtor as part of a single enterprise operated by Kenton Bobb and his successors. Trustee asserts that each Affiliated Entity is an alter ego of Debtor and that Trustee may pierce the corporate veil of the Affiliated Entities to recover the assets of those entities for the benefit of the creditors of Debtor. As a result, Trustee asserts that the Affiliate Equipment, as well as any other assets of the Affiliated Entities, are property of the Bankruptcy Estate of Debtor and may be used, sold or otherwise disposed of by Trustee under applicable provisions of the Bankruptcy Code. Your client disputes the Trustee's allegations but wishes to provide for an orderly

*We are a Debt Relief Agency. We assist people in filing for relief under the Bankruptcy Code*

EXHIBIT A

liquidation of the Debtor's Personal Property and the Affiliate Equipment while reserving each party's rights to the proceeds of sale.

This letter will set forth our agreement regarding the sale of the Debtor's personal property, the Affiliate Equipment and any other personal property of the Affiliated Entities which may be identified prior to the auction sale to be conducted by Martin Auction on behalf of the Trustee.

Janet, as the authorized representative of the Probate Estate and the authorized representative of each of the Affiliated Entities, and the Trustee agree to conduct the auction sale under the following terms and conditions:

1. Trustee will obtain an order from the Bankruptcy Court ("Sale Order") authorizing him to conduct an auction sale ("Auction") of i) all of the Debtor's property, including all trucks, trailers and other vehicles held in the name of Debtor and all other tangible and intangible personal property (excluding receivables) of Debtor currently or formerly located at the Debtor's place of business at 16600 South Dixie Highway, Markham, Illinois **("Debtor's Personal Property")** and ii) all of the Affiliate Equipment. The Debtor's Personal Property and the Affiliate Equipment shall be sold free and clear of any and all liens, claim or interests, with any such liens claims or interests to attach to the proceeds of sale. Trustee and Janet shall cooperate with Martin Auction to prepare a complete list of the Debtor's Personal Property and the Affiliate Equipment which is to be sold at the Auction ("Sale List"). The Sale List shall designate each item of property as Debtor's Personal Property or Affiliate Equipment and identify the lienholder(s) of record, based on title records, Debtor's records or other sources which list the record title owner for each item of personal property. A copy of the Sale List shall be provided to Janet no later than June 1, 2016.

2  Janet consents and agrees to the Auction in accordance with the provisions of sections 363(f)(2) and 362(h) of the Bankruptcy Code. Janet further consents and agrees that the Affiliate Equipment may be sold free and clear of any co-owner interest she may assert on behalf of MPJ, KJG, KJGL, the Probate Estate or any other Affiliated Entity. Janet hereby consents to the entry of the Sale Order by the Bankruptcy Court providing for the sale of the Affiliate Equipment pursuant to the terms of this Letter Agreement.

3. Included in the Affiliate Equipment are seven trucks or tractors used by the Debtor in its trucking business which were owned by MPJ. All seven vehicles (the "Wells Fargo Vehicles") are subject to liens in favor of Wells Fargo Equipment Finance, Inc. ("Wells Fargo") granted to secure an indebtedness of approximately $32,292.73. The Wells Fargo Vehicles are titled either in the name of Wells Fargo, following repossession by Wells Fargo, or in the name of MPJ and Debtor, with the lien of Wells Fargo noted on the title. Trustee asserts that the Bankruptcy Estate has an ownership interest in the Wells Fargo Vehicles and that the Wells Fargo Vehicles may be sold under applicable provisions of the Bankruptcy Code free and clear of the liens of Wells Fargo, with such liens to attach to the proceeds of sale. Janet and the Trustee agree that Wells Fargo's liens on the Wells Fargo Vehicles are valid duly perfected liens and security interests. Trustee and MPJ further agree to the allowance of Wells Fargo's claim in the Debtor's case as an allowed secured claim secured by the Wells Fargo Vehicles in an amount equal to the gross proceeds realized on the Wells Fargo Vehicles at the Auction or the amount due on the Wells Fargo claim, whichever is less.

4. Included in the Debtor's Property and the Affiliate Equipment are six to eight tractors used by the Debtor in its trucking business ("First Midwest Vehicles") which are subject to liens in favor of First Midwest Bank ("First Midwest") granted to secure an indebtedness due

*We are a Debt Relief Agency. We assist people in filing for relief under the Bankruptcy Code*

EXHIBIT A

from Debtor as to which the Affiliated Entities have provided guarantees of payment. The First Midwest Vehicles are titled in the name of MPJ and Debtor. Trustee asserts that the Bankruptcy Estate has an ownership interest in the First Midwest Vehicles and that the First Midwest Vehicles may be sold under applicable provisions of the Bankruptcy Code free and clear of the liens of First Midwest, with such liens to attach to the proceeds of sale. Subject to verification of First Midwest's loan documentation, Janet and the Trustee agree that First Midwest's liens on the First Midwest Vehicles are valid duly perfected liens and security interests. Trustee and Janet further agree to the allowance of First Midwest's claim in the Debtor's case as an allowed secured claim secured by the First Midwest Vehicles in an amount equal to the gross proceeds realized on the First Midwest Vehicles at the Auction.

5. Trustee shall provide in the Sale Order that Wells Fargo and First Midwest shall immediately deliver the original certificates of titles in their possession to Trustee with a release of any liens they each assert in order to facilitate Trustee's preparation for the Auction. The Sale Order shall further authorize Trustee to pay the allowed amount of the Wells Fargo secured claim from the proceeds of sale of the Wells Fargo Vehicles and the allowed amount of the First Midwest claim from the proceeds of sale of the First Midwest Vehicles. The Sale Order shall further provide that Trustee shall be authorized to execute any title documents in the name of Falcon and Janet or her designee shall execute any title documents in the name of any Affiliated Entity.

6. Trustee and Janet agree, and the Sale Order shall provide, that the costs and expenses of sale shall be prorated as between Wells Fargo, First Midwest, the Bankruptcy Estate and the Affiliated Entities based on the gross sale proceeds realized from the sale of the Debtor's Property and the Affiliate Equipment which are attributable to each party. The share of proceeds attributable to the Wells Fargo Vehicles shall be equal to the proportion of the proceeds from the sale of the Wells Fargo Vehicles divided by the total sales proceeds realized at the Auction ("Wells Fargo Share"). The share of proceeds attributable to the First Midwest Vehicles shall be equal to the proportion of the proceeds from the sale of the First Midwest Vehicles divided by the total sales proceeds realized at the Auction ("First Midwest Share"). The share of proceeds attributable to the Bankruptcy Estate shall be equal to the proportion of proceeds from the sale of the Debtor's Personal Property not subject to the liens of Wells Fargo or First Midwest divided by the total sale proceeds realized at the auction ("Estate Share"). The share attributable to the Affiliated Entities shall be equal to the proportion of the proceeds from the sale of the Affiliate Equipment not subject to the liens of the Wells Fargo or First Midwest divided by the total sale proceeds realized at the auction ("Affiliate Share"). The designation set forth on the Sale List of whether an item is Wells Fargo Vehicles, First Midwest Vehicles, Debtor's Personal Property or Affiliate Equipment shall control in determining the allocation of costs and sale proceeds.

7. After the conclusion of the Auction, Trustee shall promptly file his motion to allow and authorize payment of liens, costs and expenses of the Auction. Upon entry of the order authorizing payment of expenses of the Auction, Trustee shall pay from the gross proceeds of the sale at the Auction the following amounts in the order set forth below:

a) The costs of sale, including post-petition rent, insurance, auctioneer's commission and expenses, utilities, clean up costs and other ordinary and necessary costs of conducting the Auction and maintaining the Property through the conclusion of the Auction ("Auction Expenses"). The allowed Auction Expenses shall be allocated between Wells Fargo, First Midwest, the Bankruptcy Estate and the Affiliated Entities in accordance with paragraph 6 above;

*We are a Debt Relief Agency. We assist people in filing for relief under the Bankruptcy Code*

EXHIBIT A

b) An amount equal to 20% of the Auction proceeds will be paid to the Trustee as a carve out for application to the administrative expenses, including the Trustee's commission and the Trustee's attorneys' fees, incurred by the Bankruptcy Estate to conduct the Auction ("Administrative Expenses"), The Administrative Expenses shall be allocated between Wells Fargo, First Midwest, the Bankruptcy Estate and the Affiliated Entities in accordance with paragraph 6 above;

c) The Trustee shall pay the allowed amount of the Wells Fargo secured claim from the proceeds of the sale of the Wells Fargo Vehicles remaining after payment and net of the Wells Fargo Share of Auction Expenses and Administrative Expenses;

d) The Trustee shall pay the portion of the allowed amount of the First Midwest secured claim attributable to the sale of the First Midwest Vehicles remaining after payment and net of the First Midwest Share of Auction Expenses and Administrative Expenses;

e) Any remaining proceeds of sale shall be held by the Trustee subject to further order of Court or an agreement of the parties approved by the Court for the division of the remaining net proceeds of the Auction as between the Estate and the Affiliated Entities..

8. After conclusion of the Auction and payment of the Auction Expenses, Administrative Expenses and secured claims of Wells Fargo and First Midwest in accordance with the provisions of this letter agreement and the Sale Order, Trustee shall file his report of sale.

9. Janet and the Trustee agree to cooperate to execute any and all documents which are necessary or desirable in order to effectuate the Auction sale of the Affiliate Equipment and transfer title to the Affiliate Equipment to the purchasers at the Auction. Janet and Trustee will cooperate to inform any person or entity reasonably needing to know of this agreement and the Auction and will direct that property subject to this agreement be delivered to the Trustee's agents for sale. Janet will cooperate with the Trustee and direct any former employees of Debtor or any current or former employee of the Affiliated Entities to provide Trustee with information in such person's possession or control regarding ownership of the Debtor's Personal Property or the Affiliate Equipment, liens on the Debtor's Personal Property or the Affiliate Equipment and the location of any property which is to be sold pursuant to this agreement.

10. Any disputes regarding the liens against the Debtor's Personal Property or the Affiliate Equipment or the right to the proceeds of sale will be decided by the Bankruptcy Court.

If the foregoing terms are acceptable, please have your client executed a copy of this letter where indicated below and return it to the undersigned.

                                        Very truly yours,

                                        Baldi Berg, Ltd.

                                        */s/ Joseph A. Baldi*

                                        Joseph A. Baldi

JAB: bj
cc: Andrew J. Maxwell, TR

*We are a Debt Relief Agency. We assist people in filing for relief under the Bankruptcy Code*

EXHIBIT A

Accepted and Agreed to:

Falcon Express, Inc., debtor

Janet Bobb, individually and as the Independent Administrator of the Estate of Kenton B. Bobb and as the authorized representative of MPJ Leasing Limited Partnership, KJG Holdings Co, Inc., KJG Leasing Co, Inc. and 16100 Springfield, LLC

By: *[signature]* Andrew J. Maxwell, Trustee
Andrew J. Maxwell, as trustee
Dated: May 23, 2016

By: _____
Janet Bobb
Dated: May ___, 2016


Consented and Agreed as to the provisions of Paragraphs 1 through 10 regarding the sale of Vehicles in which Wells Fargo Equipment Finance, Inc. asserts an interest and the proceeds from such sale.

Wells Fargo Equipment Finance, Inc.




By:_____
James L. Wright,
Attorney for Wells Fargo Equipment Finance, Inc.
Dated: May ___, 2016

*We are a Debt Relief Agency. We assist people in filing for relief under the Bankruptcy Code*

EXHIBIT A

Accepted and Agreed to:

Falcon Express, Inc., debtor

Janet Bobb, individually and as the Independent Administrator of the Estate of Kenton B. Bobb and as the authorized representative of MPJ Leasing Limited Partnership, KJG Holdings Co, Inc., KJG Leasing Co, Inc. and 16100 Springfield, LLC

By: _____
    Andrew J. Maxwell, as trustee
Dated: May __, 2016

By: _____
    Janet Bobb
Dated: May __, 2016

Consented and Agreed as to the provisions of Paragraphs 1 through 10 regarding the sale of Vehicles in which Wells Fargo Equipment Finance, Inc. asserts an interest and the proceeds from such sale.

Wells Fargo Equipment Finance, Inc.

By: _____
    James L. Wright,
    Attorney for Wells Fargo Equipment Finance, Inc.
Dated: May 25, 2016

*We are a Debt Relief Agency. We assist people in filing for relief under the Bankruptcy Code*

EXHIBIT A

Accepted and Agreed to:

Falcon Express, Inc., debtor

Janet Bobb, individually and as the Independent Administrator of the Estate of Kenton B. Bobb and as the authorized representative of MPJ Leasing Limited Partnership, KJG Holdings Co, Inc., ~~KJG Leasing Co, Inc.~~ and 16100 Springfield, LLC    /JB/

By: _____
    Andrew J. Maxwell, as trustee
    Dated: May ___, 2016

By: _____*Janet Bobb*_____
    Janet Bobb
    Dated: May 23, 2016

Consented and Agreed as to the provisions of Paragraphs 1 through 10 regarding the sale of Vehicles in which Wells Fargo Equipment Finance, Inc. asserts an interest and the proceeds from such sale.

Wells Fargo Equipment Finance, Inc.

By: _____
    James L. Wright,
    Attorney for Wells Fargo Equipment Finance, Inc.
    Dated: May ___, 2016

We are a Debt Relief Agency. We assist people in filing for relief under the Bankruptcy Code

EXHIBIT A

IN THE UNITED STATES BANKRUTPCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re                                      )   Chapter 7
                                           )   Case No. 16-04469
Falcon Express, Inc.,                      )   Hon. Carol A. Doyle
                                           )   Hearing Date: August 3, 2016
              Debtor.                      )   Time: 10:00 a.m.

**Affidavit Pursuant to Rules 2014 and 2016**

State of Illinois    )
County of DuPage     ) ss.

I, David E. Heath, President of Heath Industrial, d/b/a American Auction Associates ("American Auction"), being first duly sworn on oath, depose and state as follows:

1. American Auction is an Illinois limited liability company, duly organized and authorized to conduct business in the State of Illinois. I am the President of American Auction and am authorized to make this Affidavit on behalf of American Auction.

2. I have read the Trustee's Motion to Sell Property Free and Clear of Liens Under §363(f) – Corvette, Employ and Pay American Auction and Shorten Notice ("Motion"). I believe that American Auction is qualified to represent the Trustee and the Estate in connection with the marketing and sale of the property identified in the Motion. I have agreed to accept employment on the terms and conditions set forth in the Motion.

3. The best of my knowledge, American Auction neither has nor represents any interests adverse to the estate, is not a creditor of Debtor and is a disinterested party within the meaning of 11 U.S.C. §101(14).

4. Neither I nor American Auction has any connection with the Debtor, any of Debtor's creditors or any other party in interest, their respective attorneys or accountants or the United States Trustee or any person employed in the office of the United States Trustee.

5. America Auction has not agreed to share any compensation or reimbursement received in this case except amongst the members and employees of American Auction. American Auction has not previously received payment of any compensation for services rendered in connection with this case.

Further affiant sayeth not.

_____
David E. Heath

Subscribed and sworn to
before me on July 17th, 2016

_____
Notary Public

OFFICIAL SEAL
THOMAS K MOWERY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/12/17

EXHIBIT B

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 16-04469 |
| Falcon Express, Inc., | ) | Hon. Carol A. Doyle |
| | ) | Hearing Date: August 3, 2016 |
| Debtor. | ) | Time: 10:00 a.m. |

**Notice of Trustee's Motion to Sell Property Free and Clear of Liens under Section 363(f) – Corvette and Shorten Notice**

**TO:**    *Debtor, All Creditors and Other Parties in Interest*

PLEASE TAKE NOTICE that on or before July 19, 2016, Andrew J. Maxwell, not personally, but solely as Trustee of the estate of Falcon Express, Inc., debtor ("Debtor") will file his Motion to Sell Property Free and Clear of Liens under Section 363(f) --- Corvette and Shorten Notice ("Motion").  A copy of the Motion will be on file and available at the offices of the Clerk of the United States Bankruptcy Court, 219 South Dearborn, Chicago, IL 60604 and may also be obtained from the Trustee's attorneys listed below or from the Court's web site at www.ilnb.uscourts.gov/.

Trustee seeks authority to sell at public auction a 2006 Corvette titled in the name of MPJ Leasing Limited Partnership ("MPJ").  Trustee previously sold a fleet of commercial trucks and trailers used in Debtor's business pursuant to an agreement with Janet Bobb, the owner of affiliates of the Debtor, including MPJ and 16100 Springfield, LLC ("Affiliated Entities").  The Trustee will sell the Corvette pursuant to sections 363(f) & (h) of the Bankruptcy Code, free and clear of liens, claims and interests, including the ownership interests of the Affiliated Entities and the liens of any secured lender, with such interests and liens to attach to the proceeds of sale.  The Trustee will hold the net proceeds of sale pending an agreement with the Affiliated Entities as to the allocation of the proceeds.

Trustee seeks to retain Heath Industrial, d/b/a American Auction Associates ("American Auction") as auctioneer for the Estate to assist him in conducting a live and on-line public auction of the Corvette.  The proposed auction is presently scheduled to take place on August 6, 2016, starting at 11:00 a.m. at American Auction's premises at 460 Irmen Drive, Addison, IL and may be continued to future auction dates held by American Auction as may be necessary.  Parties interested in obtaining further information regarding the auction may contact Mr. Tom Mowery of American Auction at (847) 962-5385.  The Trustee has agreed that American Auction will retain its buyer's premium of 10% of the gross sale price and be entitled to reimbursement for its actual and necessary from the sales proceeds without further order of court.  Promptly following the auction, Trustee will file a a report of sale as required by Federal Rule of Bankruptcy Procedure 6004(f)(1).  Trustee and the Affiliated Entities have agreed that the remaining net proceeds of sale shall be held by the Trustee and allocated between the Estate and the Affiliated Entities pursuant to further order of the Bankruptcy Court.

Pursuant to Rule 6004(b) of the Federal Rules of Bankruptcy Procedure, objections, if any, to the auction sale described in the Motion must be filed on or before **July 27, 2016,** with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, IL 60604, with a copy to be served upon the Trustee at the address set forth below.

A hearing will be held on the Trustee's Motion and any objections thereto on **August 3, 2016** at **10:00 a.m.** before the Honorable Carol A. Doyle, United States Bankruptcy Judge, in Courtroom 742 of the United States Bankruptcy Court, 219 S. Dearborn St., Chicago, Illinois, at which time you may, but need not appear and be heard.  If no objections are filed or if no party requests a formal hearing on the Motion, the Motion may be granted without further hearing thereon.

Dated:  July 14, 2016                                                    ANDREW J. MAXWELL, as trustee of the Estate of
                                                                                      Falcon Express, Inc., debtor


Joseph A. Baldi                                                                Andrew J. Maxwell
Baldi Berg, Ltd.                                                                Maxwell Law Group
20 N. Clark, Suite 200                                                      20 N Clark St., Suite 200
Chicago, IL 60602                                                            Chicago, IL 60606
(312) 726-8150                                                                 (312) 368-1138


EXHIBIT C